```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 17-20416-Civ-GAYLES
                                   MAGISTRATE JUDGE P.A. WHITE
NUR MOHAMED MOHAMUD,

     Petitioner,

vs.                                REPORT OF
                                   MAGISTRATE JUDGE
JEFF SESSIONS, et al.,

     Respondent.
_____/
```

Petitioner filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §§2241-43. Careful review of the petition reveals that he is essentially challenging his continued detention by the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE").

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules Governing Section §2241-43 Cases in the United States District Courts.

The court has considered the instant petition (DE#1), together with the response (DE#8) filed by the respondent to this court's order to show cause.

At the time the petition was filed, on December 16, 2016,[1]

---

[1] The Eleventh Circuit recognizes that "[U]nder the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); Griffin v. Sistuenck, 816 So.2d 600 (Fla. 2002)(date of service in prisoner's certificate of service was used as the filing date); see Fed.R.App. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a

Petitioner was in custody of ICE and detained at the Krome Detention Center. Relying on the United States Supreme Court's ruling in Zadvydas v. Davis, 533 U.S. 678 (2001),[2] petitioner sought release from ICE custody.

In its response (DE#8), the government argues correctly that this petition is subject to dismissal as there is no longer a case or controversy because the petitioner has been released from ICE custody. Specifically, on March 9, 2017, Petitioner was **removed from the United States and sent to Somalia**. (DE#8:Ex.A). Since petitioner is no longer "in custody" which means "the person was released from ICE custody within the last 60 days," the petition should be dismissed.

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies'.... In turn, the 'case or controversy' constraint imposes on federal courts a 'dual limitation' known as 'justiciability,'" a doctrine that "'prevents courts from encroaching on the powers of the elected branches of government and guarantees that courts consider only matters presented in an actual

---

prisoner's motion is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). For purposes of this Report, unless otherwise specified, the date of filing of the petitioner's pleadings is the date file stamped by the prison authorities, and if that is unavailable, then it is the date petitioner signed the pleading. If neither is reflected, then the date of filing is the date file stamped as received by the Clerk of Court.

[2]In Zadvydas, the Supreme Court found that 8 U.S.C. §1231(a)(6) does not authorize the INS to hold legally admitted, but removable, aliens in custody indefinitely. Rather, Zadvydas held that while a legally admitted alien can be detained during the 90-day "removal period" contemplated by the statute, the alien can be held after that period for only a "reasonable period," which is presumed to be six months, unless the INS can show that there is a "significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 698-701.

adversarial context.'" Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002)(citations omitted); see also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001)(same). "The doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.' ... 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" Soliman, 296 F.3d at 1242 (citations omitted).

In Soliman, the Eleventh Circuit dismissed as moot an appeal filed by an alien who had sought habeas corpus relief from his continued detention pending execution of a removal order. The alien was removed from the United States while the appeal was pending. In light of his removal, the Court found that it was "abundantly clear" that the appeal was moot because the relief sought by the alien-release from detention pending removal, in addition to other relief-could not be effected by any order from the Court since the alien was no longer being detained. Id. at 1243. The Court further determined that there was no basis for invoking the exception to the mootness doctrine for cases that are capable of repetition yet evading review, because there was "absolutely no reason to believe that he will again be detained ... under the same circumstances[.]" Id.

Moreover, several district courts have determined that once an alien §2241 petitioner has been released from administrative custody the petition no longer presents a case or controversy. Abdalla v. Ashcroft, 2004 WL 2315089, *2 (W.D.N.Y.2004)("As, however, petitioner does not dispute he was released from administrative custody on January 30, 2004, the instant Petition no longer presents a case or controversy pursuant to Article III, §2 of the United States Constitution."), adopted by Abdalla v.

3

Ashcroft, 2004 WL 2491646 (W.D. N.Y. 2004). In light of the foregoing, the Court concludes that the instant habeas corpus petition is moot. See Soliman, 296 F.3d at 1242-43.

Since the petitioner has been released from ICE custody, and removed from the United States and sent to Somalia, no order from this Court directing his release from ICE detention pending final removal could have any effect. Since this court can no longer order the federal respondent to release petitioner, as requested in the petition, because petitioner has already been released from the custody of ICE, there is "nothing for us to remedy, even if we were disposed to do so.'" Soliman, supra, 296 F.3d at 1243, quoting Spencer v. Kemna, 523 U.S. 1, 18 (1998).

It is therefore recommended that this federal petition be dismissed as moot, that no certificate of appealability issue, and the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 21st day of March, 2017.

UNITED STATES MAGISTRATE JUDGE


cc:  Nur Mohamed Mohamud
     A208 372 054
     Krome Service Processing Center
     Inmate Mail/Parcels
     18201 SW 12th Street
     Miami, FL 33194
     PRO SE

4

```
Marlene Rodriguez
United States Attorney's Office
99 NE 4 Street
Suite 300
Miami, FL 33132
305-961-9206
Fax: 530-7139
Email: marlene.rodriguez@usdoj.gov
```